## SANDERS *v.* THE STATE.

The testimony of the defendant went to establish that the pistol was in a side coat-pocket and was fully exposed to view. The direct and not circumstantial evidence of the state tended to show that it was in the hip-pocket and concealed by a sack-coat. The evidence being sufficient to sustain a conviction, and having met the approval of the trial judge, this court will not interfere with his refusal to grant a new trial.

Argued February 20, — Decided March 2, 1905.

Indictment for carrying concealed weapon. Before Judge Hodges. City court of Hartwell. December 6, 1904.

Andy Sanders was convicted of. carrying a concealed weapon. It appeared that on the night of the ——— day of August, 1903, the

defendant and George Brown had a difficulty, in the course of which Brown "grabbed around" Sanders from behind and with his hand "felt a pistol in his pocket while we were clinched." The defendant had on a coat like that of the witness (a sack-coat covering his hip-pocket). While thus clinched the defendant ran his hand back into his pocket. The pistol was taken from his hand by a bystander who came up. The witness showed the jury how this was done. The evidence for the defendant tended to show that the pistol was in a side coat-pocket, and was fully exposed to view. The jury found the defendant guilty. He made a motion for a new trial, assigning as error that the verdict was contrary to law and the evidence, and that the court failed to charge the Penal Code, § 984, as to circumstantial evidence. The motion was overruled, and the defendant excepted.

*A. G. & Julian McCurry*, for plaintiff in error.
*J. H. Skelton, solicitor*, contra.

LAMAR, J. The evidence for the defendant tended to show that the pistol was in a side coat-pocket and fully exposed to view. That for the State went to prove that it was in a hip-pocket and was concealed by a coat. The record shows that the witness illustrated to the jury how it was taken from the pocket. As the defendant was found guilty, and the trial judge approved the verdict, we must conclude that this illustration satisfied the jury that the pistol was concealed. There was nothing to call for a charge on the Penal Code, § 984, as to circumstantial evidence, for the State's evidence was direct. From it the jury had the right to find that the defendant had a pistol in his hip-pocket concealed by a sack-coat. The evidence warranted the conviction, under the Penal Code, § 341; and the judgment is

          *Affirmed. All the Justices concur.*